DYK, Circuit Judge,
concurring-in-part and dissenting-in-part.
Although I agree with the majority with respect to claim construction, infringement, inequitable conduct, damages, and the legal framework for willfulness, I would find that Home Depot’s defense was not objectively unreasonable, at least with respect to its proposed claim construction of the term “table top.” I respectfully dissent from the majority’s contrary holding. Because I would hold that Mr. Powell did not prove the objective prong of the willful infringement inquiry by clear and convincing evidence, I would set aside the willfulness finding and the enhanced damages award.[1]

. The majority states that the district court’s adoption of Home Depot’s construction in the preliminary injunction stage does not show its objective reasonableness. Maj. op. at 1237. I agree, but this does not indicate the construction is objectively unreasonable either.